H. E. Smith, a night watchman, was killed by robbers on the night of 1 October, 1932. A claim was filed with the Industrial Commission and the hearing Commissioner denied an award. Upon appeal to the full Commission the award of the hearing Commissioner was approved, and thereupon there was an appeal to the Superior Court.
The hearing Commissioner set out the facts which are substantially as follows: "There is a small store building on the premises of the Machine Company's property. Mr. J. S. Walters operated a store. It appears that the Newman Machine Company had rented a vacant lot to Mr. Clegg, who constructed a store and then leased the store to Mr. Walters. The deceased Smith was a night watchman for the Machine Company and it was his duty to patrol the premises. At about 9:30 on the night of 1 October, the deceased for some purpose went into the store of Mr. Walters. While in the store two men came in and called for a cold drink. The operator of the store waited on the two men and as he was making change . . . he was asked by the men to `put 'em up.' The owner of the store fell down behind the counter When the smoke of the battle had cleared away the owner came out from behind the counter and found the night watchman, H. E. Smith, fatally wounded." Walters, the storekeeper, said: "I saw Mr. Smith on the night of 1 October, 1932. He was down at the store. Mr. Smith never loafed in my store. He went there for his purchases. Sometimes he would come and get something to eat, and sometimes a coca cola and matches. Every Saturday night he would come and get a box of matches mostly. On the night of 1 October, 1932, at approximately 9:30, Herman E. Smith entered my store. . . . He had just walked in the store and walked to the back and turned around, . . . and as he turned around . . . two boys came in. They called for a drink. I got the drink in the ice box. When I gave those boys coca cola the tallest gave me a dollar bill and I went to get his change. . . . The tall one was at the counter and he gave me the money. When I walked behind the counter I passed Mr. Smith. . . . This tall boy faced me when I gave him the change. I laid it on the counter in front of him. I stepped in front of the cash drawer and he said: `Put 'em up.' He had a pistol in his hand. . . . When he said: `Put 'em up' I fell on the floor. I heard a fuss, the fuss of a pistol, and Mr. Smith falling on a can of black eyed peas. . . . I came out from under the counter as soon as the fuss was over. I heard the boys run and the screen door close. . . . When I came around to the end I saw Mr. Smith lying on a can of peas. . . . Mr. Smith did not speak. I picked up his pistol. It was lying right beside him on the floor. The pistol was lying about his hip on the floor. I picked it up and laid it on the counter." . .. *Page 99 
An empty match box was found in the pockets of the deceased after his death. The hearing Commissioner in his opinion declared: "There is no evidence in the record that the job the deceased was employed to perform in any way contributed to this accident. There is no evidence to show that he was called upon at any time to go to the store where he met his fatal accident. Under the circumstances the commissioner is of the opinion that compensation must be denied and it is so ordered."
The judge of the Superior Court affirmed the award of the Industrial Commission, denying compensation, and the plaintiff appealed.
There was competent evidence to support the finding by the Industrial Commission that, while the accident occurred during the period of employment, it did not arise out of and in the course thereof, and consequently compensation should have been denied. The decided cases disclose a disposition upon the part of the courts to adopt a liberal interpretation of the law in awarding compensation to night watchmen. This view has sometimes found utterance in the phrase "zone of special danger," due to the fact that the night and darkness and the loneliness of the watchmen create certain practical hazards which must be deemed to be a risk of the business in proper cases. Notwithstanding, the facts in the case at bar disclose that the watchman was not making his rounds at the time of his injury or performing any service for his employers.
The plaintiff insists that the deceased had gone to the store for the purpose of securing oil for his lantern or matches for his own use. However, this conclusion rests upon surmise and speculation and not upon evidence in the record. Therefore, the findings of facts by the Industrial Commission is determinative.
Affirmed.